UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      CASE NO.: 6:24-cr-287-CEM-RMN

RICHARD KOWALCZYK,

    Defendant.
_____/

## DEFENDANT RICHARD KOWALCZYK'S MOTION TO MODIFY CONDITIONS OF RELEASE TO PERMIT HIM TO RESIDE FULL-TIME AT HIS RESIDENCE

The Defendant, Richard Kowalczyk ("Mr. Kowalczyk"), by and through his undersigned counsels, hereby move this Honorable Court to modify his current conditions of release to permit him to reside fulltime, both day and night, at his residence, located at 1711 Maple Leaf Drive, Windermere, Florida 34786 (hereinafter "Windermere home"), where his husband and co-defendant Eric Patrick ("Mr. Patrick") is also living pursuant to his own conditions of release. The Government opposes Mr. Kowalczyk's request.

Mr. Kowalczyk and Mr. Patrick are a married couple who are raising an infant child together. The current conditions of release permit Mr. Kowalczyk and Mr. Patrick to have contact with each other. With the permission of U.S. Pretrial Services, Mr. Kowalczyk can visit the Windermere home to see his husband and

child. As set forth below, circumstances have changed since the Court set Mr. Kowalczyk's original conditions of release. Doc. 23. This change in circumstances justifies a slight modification of the conditions of release to permit Mr. Kowalczyk to live full-time with his infant daughter and husband. In support thereof, Mr. Kowalczyk states as follows:

## STATEMENT OF FACTS

### A. *Summary of Government's Investigation Prior to Filing of Indictment*

According to law enforcement reports produced by the government as part of Rule 16 discovery, this case stems from an investigation that was initiated in August 2022 after a cooperating defendant was arrested by agents from Homeland Security Investigations ("HSI") in Tampa, Florida. The cooperating defendant has pled guilty to his own child pornography offenses and is facing a mandatory minimum sentence of 15 years up to 40 years imprisonment. This cooperating defendant is a three-time convicted sex offender and presumably has been cooperating with the government in an effort to reduce his sentencing exposure since August of 2022.

In a report dated January 9, 2023, HSI agents described numerous telegram chats that law enforcement recovered from the cooperating defendant's cell phone on August 25, 2022. This report specifically alleges that the cooperating defendant communicated with a telegram account belonging to Mr. Kowalczyk. The

government relied on the allegations in this report to charge Mr. Kowalczyk in the eventual indictment filed in this case.

On February 8, 2023, at the Orlando International Airport, HSI agents detained Mr. Kowalczyk based on information that the cooperating defendant provided to law enforcement. During this investigative detention, agents seized and searched Mr. Kowalczyk's iPhone 13 ProMax (hereinafter "seized iPhone"). Agents also interviewed Mr. Kowalczyk who was fully cooperative. In fact, Mr. Kowalczyk agreed to drive with an agent to an off-site HSI office in Orlando, Florida, where his interview continued. Mr. Kowalczyk continued to cooperate with law enforcement despite the fact that his attorney arrived at the airport and accompanied him to the HSI office. As a result of Mr. Kowalczyk's cooperation, agents were able to obtain the pin code to the seized iPhone, which they used to open and search the device. At the conclusion of the interview, Mr. Kowalczyk advised the agents that he would continue to cooperate with law enforcement.

On this same date, February 8, 2023, HSI agents executed a search warrant at the Windermere home. Neither Mr. Kowalczyk, nor Mr. Patrick were home when the search warrant was executed. However, agents recovered multiple electronic devices.

According to a report dated February 16, 2023, HSI agents discovered numerous text messages between Mr. Kowalczyk and the cooperating defendant on the seized iPhone. These communications constitute some of the evidence that the government has based its charges on. According to this report, as of February

16, 2023, agents had a "Cellebrite report" containing the forensic results from the examination of Mr. Kowalczyk's seized iPhone.

According to an additional report dated March 6, 2023, agents recovered additional data from a forensic examination of the seized iPhone including Grindr messages. In another report dated March 9, 2023, agents forensically examined another iPhone XR belonging to Mr. Kowalczyk, which revealed numerous SMS messages between Mr. Kowalczyk and Mr. Patrick.

According to yet another report dated April 17, 2023, HSI agents had identified and contacted the alleged minor victim in this case as early as April of 2023. Thus, it appears that the bulk of the investigative activity in this case was completed by April of 2023.

### B. Indictments and Voluntary Self-Surrender

Approximately one year and eight months later, on December 4, 2024, a federal grand jury returned an indictment against Mr. Kowalczyk and Mr. Patrick charging them with federal offenses in the instant case. Doc. 2. Two weeks later, on December 18, 2024, the grand jury returned a superseding indictment. Doc. 9.

Despite knowing about the government's investigation since February of 2023, Mr. Kowalczyk made no efforts to flee or tamper with witnesses. Moreover, Mr. Kowalczyk committed no criminal offenses during the delay between the completion of the government's investigation and the filing of charges against him.

Instead, Mr. Kowalczyk retained legal counsel, with whom he maintained contact, and awaited notification as to the outcome of the government's

investigation. That notification came during the 2024 holiday season when HSI agents contacted Mr. Kowalczyk between Christmas and New Year's and informed him that a warrant had been issued for his arrest, and that he needed to make arrangements to turn himself in. Mr. Kowalczyk immediately contacted undersigned counsel and made appropriate arrangements to voluntarily surrender on January 2, 2025. Docs. 20, 34.

### C. *Detention Hearing and Government's Proffer*

At his initial appearance/arraignment, on January 2, 2025, the government moved for Mr. Kowalczyk's pretrial detention. Instead of presenting testimony from the investigating agents at a detention hearing, the government proceeded to proffer details about the government's view of the evidence in this case. During its proffer, the government made certain representations to this Court, which were inaccurate. First, the government repeatedly questioned whether Mr. Kowalczyk and Mr. Patrick were a married couple. Second, the government claimed that its reasons for the lengthy delay in filing charges in this case were due to delays in the forensic examination of the devices. Third, the government preposterously claimed that Mr. Kowalczyk had enticed and engaged in criminal sexual acts with Mr. Patrick, when Mr. Patrick was a minor child.

With regard to the marriage issue, the government repeatedly stated in its proffer that HSI agents could find no marriage certificate for Mr. Kowalczyk and Mr. Patrick. It was only towards the end of the hearing, after the Court had

accepted the government's proffer, that the government finally conceded that the defendants were indeed married.[1]

It is clear from the discovery that the bulk of HSI's investigation into Mr. Kowalczyk's alleged offenses, including the identification of the alleged minor victim and the forensic examination of his devices, was completed by April of 2023. The government repeatedly claimed that ongoing forensic examinations were the reason for the significant indictment delay in this case. This was important because the undersigned argued vociferously that the delay between investigation and indictment in this case undercut the government's argument that Mr. Kowalczyk presented an extreme danger to the community. The government had been fully aware of his alleged conduct since April of 2023 and elected not to move forward with their case until December of 2024. The reasons for this delay remain unclear to the undersigned but, based on the discovery, the delay can no longer be attributed to forensic examinations.

Perhaps most troubling was the government's assertion that Mr. Kowalczyk had victimized Mr. Patrick when Mr. Patrick was a minor. The government knew

---

[1] During a break in the hearing, the undersigned counsel, using an iPhone, were able to easily find the marriage certificate for the defendants on the Monroe County Clerk of Court's website. The fact that evidence of the defendants' marriage was easily accessible as a public record undermines the government's proffer that HSI could not locate evidence that the couple were married. At best, it suggests that HSI provided faulty and unreliable information to the government in advance of the detention hearing. This calls into question other information that the government proffered at the hearing and should be concerning to this Court, which regularly relies on proffered information from the government to make pretrial release decisions.

or should have known that this information was patently false. This is so because the government was in possession of a report dated February 10, 2023, entitled "Interview of Eric Patrick." This report confirms that Mr. Patrick told HSI agents that he and Mr. Kowalczyk "had no sexual contact prior to him obtaining the age of 18 years old." With this information in hand, the undersigned cannot comprehend why the government elected to smear Mr. Kowalczyk with uncharged and unfounded allegations that he sexually exploited his husband when his husband was a minor.

### D.   *Original Pretrial Release Conditions*

Despite the government's request for pretrial detention, this Court found that conditions of release, short of detention, could be fashioned to reasonably assure Mr. Kowalczyk's future appearances and the safety of the public. On January 2, 2025, at the conclusion of the detention hearing, the Court entered an Order Setting Conditions of Release, which included pretrial supervision, a passport surrender, location monitoring, home detention, and the appointment of a third-party custodian. Doc. 23. The Court specifically directed Mr. Kowalczyk to reside at the apartment of his nephew, Donovan Richardson, who is also his third-party custodian. *Id.* Additionally, the Court permitted Mr. Patrick to reside with the defendants' infant daughter at the Windermere residence. Doc. 25. Under the current conditions of release, Mr. Kowalczyk is permitted to visit his husband and daughter at the Windermere residence, so long as his schedule is approved by

Pretrial Services. However, Mr. Kowalczyk is not permitted to spend the night in the same household as his family.

## MEMORANDUM OF LAW

Once the Court orders a defendant to be released on conditions pursuant to 18 U.S.C. § 3142(c), "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *See* 18 U.S.C. § 3142(c)(3). Further, "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . " the court with original jurisdiction over the charged offense has authority to amend the defendant's conditions of pretrial release. 18 U.S.C. § 3145(a)(2).

The ability of a defendant to request an amendment to his pretrial release conditions is consistent with both federal statutes and the United States Constitution. The Bail Reform Act requires a court to release a defendant on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Even if the Court makes such a determination regarding risk of flight, the statute requires the court to release the defendant on the "least restrictive" conditions necessary to assure the appearance of the individual. *See* 18 U.S.C. § 3142(c)(1)(B).

In the constitutional context, the Eighth Amendment prohibits a defendant from being detained based on "[e]xcessive bail." Finally, Mr. Kowalczyk's motion

raises a proposition that is "so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *See United States v. Ailemen*, 165 F.R.D. 571, 578 (N.D. Cal. 1996). "That concept, which has served as the cornerstone of our system of criminal justice, is that an accused must be presumed innocent until proven guilty." *Id.* "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453 (1895). "Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack v. Boyle*, 342 U.S. 1, 4 (1951) (Vinson, Chief Justice). "The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503 (1975). Mr. Kowalczyk's request for a modification of his conditions of pretrial release is consistent with the foregoing statutory and constitutional principles.

      As noted above, the Bail Reform Act mandates that Mr. Kowalczyk should be "subject to the least restrictive" condition or combination of conditions that will reasonably assure his appearance as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(c)(1)(B). Here, the "least restrictive" conditions for Mr. Kowalczyk do not require him to live in a different apartment away from his husband and infant daughter, especially when he is already permitted to see them during the day. Moreover, new circumstances have

developed since the Court issued the original pretrial release condition requiring him to live at his nephew's residence.

 First as noted above, the government's discovery production has revealed three major flaws in the information the government proffered to the Court prior to the Court setting the conditions of release.  Had some of this information been corrected, the Court may have not imposed the condition that Mr. Kowalczyk live in a separate residence away from his family.  Most notably, the government improperly questioned the legitimacy of Mr. Kowalczyk's marriage to Mr. Patrick.  Further, the government suggested that Mr. Kowalczyk posed some kind of danger to Mr. Patrick.  Nothing could be further from the truth.  The defendants are in a loving marriage and have a newborn baby that they are raising together.

 Additionally, since their arraignment, the defendants have been subjected to public ridicule and death threats on social media forums.  Specifically, it has come to the undersigned's attention that several vitriolic and disturbing threats were posted by members of the community on a Facebook page that listed an online article about the arrests of Mr. Kowalczyk and Mr. Patrick.  A composite of these posts are attached hereto as *Exhibit A*.  As the Court can see, these posts include death threats as well as the publication of the phone number belonging to Mr. Kowalczyk.  In addition, the posts publicized photographs of the defendants, along with the physical address for the Windermere home where Mr. Patrick and the defendants' infant daughter are living. As any husband would be under these circumstances, Mr. Kowalczyk is extremely concerned about the wellbeing of his

spouse and child. He believes that his family would be safer and feel more secure with him living full-time in the same household.

Additionally, the defendants' newborn daughter is only seven weeks old. The baby wakes up throughout the night and requires 24-hour care. Under the current conditions of release, Mr. Kowalczyk cannot help his husband with night-time care for the baby. As a result, Mr. Patrick has no ability to rest at night. Moreover, the baby is still in the "bonding phase" of infancy. The current conditions of release have made it difficult for the defendants' daughter to fully bond with Mr. Kowalczyk, who like Mr. Patrick, is a new parent. This could impact the baby's development going forward. *See The importance of early bonding on the long-term mental health and resilience of children*, National Library of Medicine, https://pmc.ncbi.nlm.nih.gov/articles/PMC5330336/ (last visited Feb. 13, 2025).

Lastly, the current conditions of release have impacted Mr. Kowalczyk financially. He has had to incur significant legal costs in securing counsel for himself and Mr. Patrick. In addition, he is currently contributing to pay the rent at his nephew's apartment where he has been directed by the Court to live, while also paying the mortgage at the Windermere residence. Living full-time at the Windermere residence with his family, would ease the financial burden on Mr. Kowalczyk.

Based on the foregoing new information, which was not fully available at the original detention hearing, Mr. Kowalczyk respectfully requests a reasonable

modification to his conditions of release that would permit him to live full-time at the Windermere residence, while all other conditions of release remain in full force and effect.

## CONCLUSION

WHEREFORE, the Defendant, Richard Kowalczyk, moves this Honorable Court to amend the conditions of his pretrial release and change his designated address to 1711 Maple Leaf Drive, Windermere, Florida 34786.

Respectfully submitted on this 18th day of February 2025.

s/Andrew C. Searle
**ANDREW C. SEARLE, ESQ.**
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
*Attorney for Defendant*

/s/ Fritz Scheller
Fritz Scheller, Esquire
Florida Bar No.: 0183113
Fritz Scheller, P.L.
200 E. Robinson Street, Suite 1150
Orlando, Florida 32801
PH: (407) 792-1285
FAX: (407) 649-1657
fscheller@flusalaw.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on February 18, 2025, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

*/s/ Fritz Scheller*
Fritz Scheller, Esquire
Florida Bar No.: 0183113
Fritz Scheller, P.L.
200 E. Robinson Street, Suite 1150
Orlando, Florida 32801
PH: (407) 792-1285
FAX: (407) 649-1657
fscheller@flusalaw.com
*Attorney for Defendant*