**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.  Case No:  6:24-cr-287-CEM-RMN

RICHARD KOWALCZYK

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT RICHARD KOWALCZYK'S MOTION TO MODIFY CONDITIONS OF RELEASE TO PERMIT HIM TO RESIDE FULL-TIME AT HIS RESIDENCE (Doc. No. 41)
>
> **FILED:** February 18, 2025
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

### I. INTRODUCTION

On December 4, 2024, a grand jury issued an indictment against Defendant Richard Kowalczyk and his husband/co-Defendant Eric Patrick, charging them with offenses in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2).  Doc. No. 2.  On December 18, 2024, a superseding indictment issued, charging Kowalczyk and Patrick with one count of conspiracy to coerce and

entice a minor to engage in sexual activity and production of child pornography, and one count of attempted coercion and enticement of a minor to engage in sexual activity, both in violation of 18 U.S.C. § 2422(b).  Doc. No. 9.  The superseding indictment also charged Kowalczyk with two counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and charged Patrick with one count of distribution of child pornography in violation of U.S.C. § 2252(a)(2) and (b)(1).  *Id.*

The Court held initial appearance and arraignment proceedings for both Defendants on January 2, 2025, at which time the United States moved for their pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(E) and (e)(3)(E).  Doc. Nos. 19-20.  The Court held a detention hearing that same day, at which the United States and counsel for Kowalczyk vigorously argued their respective positions.  Doc. No. 20.  In addition to addressing the 18 U.S.C. § 3142(g) factors, the parties presented argument and evidence via proffer and exhibits regarding the length of time that the underlying investigation had been ongoing, Kowalczyk's and Patrick's cooperation throughout the investigation (to include voluntarily turning over certain electronic devices), whether Kowalczyk and Patrick were legally married, and whether Kowalczyk had enticed Patrick when Patrick himself was a minor. There was also extensive discussion about Kowalczyk's and Patrick's infant

daughter, and who would assist in providing care for her for the duration of this case. In addition, counsel for Kowalczyk represented that prior to the detention hearing, both Kowalczyk and Patrick had voluntarily removed all electronic devices capable of connecting to the internet from their shared residence and disconnected the internet. Following questioning by the Court, Kowalczyk's counsel (with the agreement of Patrick's counsel) also proposed several conditions of release, to include a $400,000.00 bond secured by real property, relocating to an apartment where he would be in the custody of a third-party custodian, Donovan Richardson, and permitting Patrick to remain in the family home with a separate third-party custodian, Iliana Mascata, who would assist in the care of the co-Defendants' infant daughter.

At the conclusion of the hearing, which included extensive questioning from the Court, the Court found that the United States had not met its burden by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community, and entered an order establishing conditions of release as to both Kowalczyk and Patrick. Doc. Nos. 22, 23-25. As it pertains to the present dispute, the Court ordered Kowalczyk, among other things, to relocate and reside at an apartment with his third-party custodian, to submit a $400,000.00 secured appearance bond, to be subject to home detention and GPS monitoring, and to not use or possess any electronic devices or

mediums capable of connecting to or storing data from the internet. Doc. No. 23. The Court authorized Kowalczyk to have contact with Patrick, and also authorized Kowalczyk to have contact with their infant daughter. *Id.*[1] The Court imposed similar conditions on Patrick (absent an appearance bond), and ordered Patrick to reside at the family home in Windermere, Florida with his third-party custodian and infant daughter. Doc. No. 25.

To date, there have been no reported instances of non-compliance by either Kowalczyk or Patrick. However, on February 18, 2025, Kowalczyk filed the present motion seeking to modify his conditions of pretrial release to allow him to move back into the family home with Patrick. Doc. No. 41. The motion, brought pursuant to 18 U.S.C. § 3142(c), contains a lengthy recitation of the history of the case investigation and January 2, 2025 hearing, and raises four arguments in support: (1) the United States' discovery production has revealed "major flaws" in the proffer provided to the Court on January 2, 2025, specifically that Kowalczyk and Patrick are, in fact, legally married and that Kowalczyk clearly does not pose any danger to Patrick himself; (2) both Kowalczyk and Patrick have been subjected to public ridicule and death threats on various social media forums (screenshots of

---

[1] The Court also permitted the third-party custodian to have internet access, so long as it was password protected and the Wi-Fi password immediately changed. Doc. No. 23, at 5.

such threats and comments are attached to the motion); (3) the Defendants' daughter is only seven weeks old and requires 24-hour care, which leaves Patrick without any ability to rest at night, and the current conditions of release make it difficult for Kowalczyk to fully bond with his daughter; and (4) the conditions of release have impacted Kowalczyk financially, given that he has incurred legal costs by securing counsel for himself and Patrick, and is contributing financially both to the rent at the apartment he resides and the mortgage for the family home. Doc. No. 41, at 9-11. Kowalczyk contends that the information identified herein was not fully available at the original detention hearing, and should therefore be considered by the Court now. *Id.*, at 11-12.

The United States has filed a response in opposition, arguing that pursuant to 18 U.S.C. § 3142(f), no new information exists that was not known to Kowalczyk at the time of the detention hearing that has a material bearing on the issue of whether conditions of release can be set. Doc. No. 52. The United States does not address § 3142(c). *Id.* The United States further argues that modification of Kowalczyk's conditions of release is not warranted because: (1) Kowalczyk's and Patrick's marriage was ultimately established at the January 2, 2025 hearing and considered by the Court; (2) the delay in filing charges against Kowalczyk and Patrick was also discussed at length during the detention hearing and considered by the Court; and (3) Patrick's need to care for the co-Defendants' infant daughter

was well known at the time of the detention hearing, and conditions of release were set to permit Kowalczyk to communicate about and visit with his daughter.  *Id.*, at 3-5.  With respect to the argument at the detention hearing that Kowalczyk may pose a danger to Patrick, the United States argues that evidence exists – which has been provided to Kowalczyk (and is attached to the United States' response) – strongly suggesting if not establishing that Kowalczyk did in fact entice and engage in sexual activity with Patrick when Patrick was only 16 years old.  *Id.*, 3-4; Doc. Nos. 52-1, 52-2, 52-3.  The United States does not address the social media threats to Kowalczyk and Patrick, and only mentions in passing that Kowalczyk remains employed and earning an income.  Doc. No. 52, at 2, n. 2.  In addition, neither the United States nor Kowalczyk provide the position of the United States Pretrial Services Office.

Upon consideration of Kowalczyk's motion and the United States' response, the evidence submitted with the parties' filings, and a review of the record as a whole, Kowalczyk's motion (Doc. No. 41) will be **DENIED**.[2]

---

[2] The undersigned resolves this motion without a hearing, as "ample authority" exists for the conclusion that motions under the Bail Reform Act may be decided on the papers.  *See United States v. Stephenson*, No. 3:20-CR-18-CRS, 2020 WL 1811353, at *1, n.2 (W.D. Ky. Apr. 8, 2020) (quoting *United States v. Hearns*, No. 1:20-CR-110, 2020 WL 1493747, *3 (N.D. Ohio Mar. 27, 2020)).

## II. ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142, governs the Court's authority to release or detain a defendant pending trial. The Court may order that the defendant be "released on personal recognizance or upon execution of an unsecured appearance bond" or "released on a condition or combination of conditions under [§ 3142(c)]." *Id.* § 3142(a)(1)–(2). The primary purpose of setting conditions of release is to reasonably assure the appearance of the defendant as required, and to ensure the safety of any other person or the community, and the "amount, type, and other conditions of release are within the sound discretion of the releasing authority." *United States v. James*, 674 F.2d 886, 891 (11th Cir. 1982); *see also* 18 U.S.C. § 3142(c)(1). Once conditions of release are set, the Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

Section 3142(c)(3) is silent as to the standard to be used to determine whether conditions of release should be modified. It also does not appear that the Eleventh Circuit has definitively spoken on the issue. However, several other courts have applied the standard set forth in 18 U.S.C. § 3142(f) for reopening a detention hearing: "[t]he hearing may be reopened, . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as

required and the safety of any other person and the community."  18 U.S.C. §3142(f)(2).  *See, e.g., United States v. Fard*, No. 8:17-cr-131-T-33MAP, 2017 WL 11610729, at *1 (M.D. Fla. July 26, 2017) ("The context for modification of conditions of release may involve new information not known at the time of the initial detention hearing." (citing 18 U.S.C. § 3142(f))); *United States v. Peguero*, No. 3:21-CR-10-RGJ-3, 2021 WL 4811315, at *2 (W.D. Ky. Oct. 14, 2021) ("Other courts have held that 18 U.S.C. § 3142(f)(2)'s requirement of new and material information is applicable to motions to modify conditions of release pursuant to 18 U.S.C. § 3142(c)(3)." (collecting cases)).  *But see United States v. LeClercq*, No. 07-80050-CR, 2007 WL 4365601, at *2, n. 4 (S.D. Fla. Dec. 13, 2007) (finding § 3412(f)(2) does not apply to a § 3142(c)(3) motion).

The United States suggests that the standards of § 3142(f)(2) should govern. Doc. No. 52.  For his part, Kowalczyk discusses the general standards behind imposing conditions of release under 18 U.S.C. § 3142, including the constitutional and statutory prohibitions against excessive bail and unreasonably restrictive conditions, but does not address the interplay – if any – between §§ 3142(c)(3) and 3142(f)(2).  Doc. No. 41.

Upon consideration, the Court will follow the persuasive authority from other courts that have addressed the issue, and will apply the "new information" standard of § 3142(f)(2) to assessing Kowalczyk's motion.  For "without such an

interpretation, 'a [d]efendant could file endless petitions to modify his conditions . . . [and] [c]ourts do not ordinarily allow parties to file a motion previously denied over and over again[.] [Y]et without the threshold showing required in Section 3142(f)(2), nothing in the statute precludes a defendant from doing so[.]'" *Peguero* 2021 WL 4811315, at *2 (quoting *United States v. Gay*, No. 4:20-cr-40026, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020)); *see also United States v. Ross*, No. 3:23-CR-128-TAV-JEM, 2024 WL 1890087, at *3 (E.D. Tenn. Apr. 30, 2024) (applying § 3142(f)(2) standard to motion to modify conditions of release under § 3142(c)(3) where defendant raised no argument to the contrary); *cf. United States v. Simmons*, No. 8:24-cr-200-WFJ-UAM, 2024 WL 3183859, at *2 (M.D. Fla. June 26, 2024) (quoting *United States v. Pon*, No. 3:14-cr-75-J-39PDB, 2014 WL 3340584, at *3, 9 (M.D. Fla. May 29, 2014) (noting that § 3142(f)(2) "is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around").[3]

---

[3] It is arguable that Kowalczyk implicitly applies the § 3142(f)(2) standard to his motion by arguing that the information presented in the motion "was not fully available at the original detention hearing," and by basing his motion on purported changed circumstances. Doc. No. 41.

- 9 -

Applying this standard to the present motion, the Court finds that Kowalczyk has not met the threshold requirement to either reopen his detention hearing or to modify his current conditions of release to permit him to reside with his husband and co-Defendant. As noted above, the existence and legality of Kowalczyk's and Patrick's marriage as well as their cooperation during the investigation and self-surrender were discussed in detail with the parties and the Court. The Court considered this evidence and argument in determining that conditions of release could be set. The fact that Kowalczyk and Patrick had an infant daughter who would require care and that Kowalczyk would not be caring for the child 24/7 was also discussed and accounted for. In other words, none of this is new information that was not fully available or fully explored at the January 2, 2025 detention hearing. *See Gay*, 2020 WL 5983880, at *3 ("Of course conditions will impact a defendant's ability to engage in activities, productive or otherwise—that is why the Bail Reform Act requires that any conditions imposed be the 'least restrictive' to achieve the purposes of the conditions. Accordingly, the impact of the conditions on a defendant's ability to engage in activities is necessarily considered by a court at the original detention hearing, and any such impact caused by the conditions ultimately imposed is neither new nor material sufficient to re-open the detention hearing." (citation omitted)).

With respect to the claims of financial hardship on Kowalczyk, his financial status, employment, and assets were also discussed at the detention hearing, and it bears noting that Kowalczyk himself proposed the $400,000.00 appearance bond and proposed and agreed to the separate living conditions. The fact that Patrick was unemployed was also discussed, and other than reference to a "financial burden," Kowalczyk provides no evidence of changed circumstances that would warrant further modification of release conditions. *Cf. United States v. Alexander*, No. 24-MJ-04544-LMR, 2024 WL 5186469, at *4 (S.D. Fla. Dec. 20, 2024) (finding defendant's request to reopen detention hearing to present "an augmented bail package" to include additional financial information and a proposal to retain a private security service did not constitute "new" information). And as for any potential danger to Patrick from Kowalczyk, that issue was also raised at the January 2, 2025 hearing, Kowalczyk's counsel argued vigorously against it, the Court considered it, and found it unpersuasive.[4]

This leaves the comments and threats on social media as the only potential new information to be considered. While the Court is concerned about these threats, the Court does not see how permitting Kowalczyk and Patrick to reside

---

[4] In any event, the attachments to the United States' response appear to support the veracity of the United States' proffer at the January 2, 2025 hearing.

together at the very address that has apparently been publicized online would ameliorate these threats. The Court also recognizes that Kowalczyk and Patrick are charged with conspiracy, along with other related offenses, and to allow them to live together full time raises serious concerns with the Court as to witness tampering, coercion, and the like. The Court has already permitted Kowalczyk and Patrick to have contact as it relates to the care of their infant daughter, and there is nothing before the Court to suggest that any further modifications of the type Kowalczyk requests are warranted. *See United States v. Arredondo*, No. 1:24-CR-02027-SAB-23, 2025 WL 611059, at *2 (E.D. Wash. Feb. 24, 2025) (denying request to modify conditions so that married co-defendants could have contact, because "allowing Defendant to facilitate the requested contact with her codefendant husband creates a risk of obstruction of justice and further criminal activity that outweighs Defendant's liberty interest in marital contact in the pretrial context").

In sum, Kowalczyk has not presented any compelling reason or evidence for the Court to revisit its Order setting conditions of release. The information Kowalczyk discusses – save the social media death threats – was all available at the time of the January 2, 2025 hearing and considered by the Court. It bears emphasizing that Kowalczyk agreed to his conditions of release and suggested several of them. *See United States v. Fishman*, No. 1:20-cr-160 (MKV), 2020 WL 6365353, at *1 (S.D.N.Y. Oct. 29, 2020) (denying motion to modify bail conditions to

permit travel where "existing bail conditions were negotiated and agreed to by [defendant] and were accepted by the Court"). After a lengthy hearing, the Court determined that the conditions Kowalczyk now seeks to modify were the least restrictive conditions that would reasonably assure his appearance and the safety of the public. *See* 18 U.S.C. § 3142(c)(1)(B). It also bears emphasizing that Kowalczyk has been charged with extremely serious offenses, so serious that Congress determined that the bail analysis begins with a presumption against release, and that Kowalczyk and Patrick at present are both facing mandatory minimum sentences of 10 years, with a maximum of life imprisonment.[5] *See United States v. Ebonka*, 733 F. Supp. 3d 967, 971 (D. Nev. 2024) ("At bottom, the fact that a defendant does not want to be bound by the existing restrictions does not change that those restrictions are necessary.").

---

[5] Even if the standards of § 3142(f)(2) did not apply, the Court would reach the same conclusion. The Court carefully considered all of the 18 U.S.C. § 3142(g) factors, including the nature and circumstances of the offenses charged, as well as the information (other than the social media threats) Kowalczyk now argues, and found that the conditions imposed were the least restrictive both to ensure the safety of the community and any person and to ameliorate any risk of flight. Nothing presented in Kowalczyk's motion changes the Court's findings. Moreover, as pointed out by the United States, the present motion is filed only on behalf of Kowalczyk, and if the Court were to grant the motion it would immediately place Patrick in violation of his conditions of release – an issue not before the Court.

For these reasons, Defendant Richard Kowalczyk's Motion to Modify Conditions of Release to Permit Him to Reside Full-Time at His Residence (Doc. No. 41) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record