UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

  v.           CASE NO.: 6:24-cr-287-CEM-RMN

RICHARD KOWALCZYK,

 Defendant.
_____/

**DEFENDANT RICHARD KOWALCZYK'S UNOPPOSED
<u>MOTION TO CONTINUE THE STATUS CONFERENCE AND TRIAL</u>**

  The Defendant, Richard Kowalczyk ("Mr. Kowalczyk"), by and through his undersigned counsel, hereby moves for a thirty (30) day continuance of the status conference and trial to the May 2026 trial term, with a new status conference set in April 2026. The requested continuance is necessary so that the parties can continue plea discussions and reach a final resolution in this case. Moreover, pursuant to 18 U.S.C. § 3143(a)(2), "a person who has been found guilty" of the type of offenses to which Mr. Kowalczyk will plead guilty "shall" ordinarily be detained. 18 U.S.C. § 3143(a)(2). As a result, Mr. Kowalczyk respectfully seeks this continuance so that he can finalize arrangements for the care of the infant daughter he shares with his co-defendant, Eric Patrick ("Mr. Patrick"), who has already been remanded by the Court pursuant to 18 U.S.C. § 3143(a)(2). In support thereof, Mr. Kowalczyk states as follows:

## STATEMENT OF FACTS

On December 4, 2024, a federal grand jury returned an indictment against Mr. Kowalczyk charging him with federal offenses in the instant case. Doc. 2. Two weeks later, on December 18, 2024, the grand jury returned a superseding indictment. Doc. 9.

Mr. Kowalczyk and his husband/co-defendant, Mr. Patrick, voluntarily surrendered on January 2, 2025 for their initial appearance/arraignment. Docs. 20, 34, 35. At this hearing, the Court set several conditions of pretrial release for Mr. Kowalczyk, including a $400,000 surety bond, third party custodian supervision, Pretrial Services supervision, and location monitoring. Doc. 23. Since his arraignment, Mr. Kowalczyk has been fully compliant with all conditions of release.

On February 9, 2026, at 2:30 p.m., Mr. Patrick appeared before the Court and entered a guilty plea. Doc. 91. At the conclusion of this hearing, the Court remanded Mr. Patrick into custody. *Id.*

The parties have been engaged in ongoing plea discussions that have culminated in two different versions of a plea agreement. The most recent version of the plea agreement was provided by the government on February 18, 2026. This plea agreement contemplates Mr. Kowalczyk entering a guilty plea to Count Two of the superseding indictment, attempted coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Once Mr. Kowalczyk accepts the plea agreement and the Court adjudicates him guilty, he will be subject

to the remand provisions set forth in 18 U.S.C. § 3143(a)(2). Mr. Kowalczyk will also face a statutory sentencing range of ten years imprisonment up to life.

Mr. Patrick and Mr. Kowalczyk are parents to a 14 month old daughter. To date, Mr. Patrick was providing fulltime care for the couple's child at the couple's home, while Mr. Kowalczyk was permitted to visit during the day and assist in the child's care. However, as noted above, Mr. Patrick has been remanded and is no longer available to care for the child at the couple's home. Most recently, Mr. Kowalczyk sought and obtained a modification of his conditions of release, granting him permission to reside at the couple's home fulltime so that he can care for his daughter, both night and day. Docs. 94, 95.

The undersigned can represent to the Court that Mr. Kowalczyk will not be proceeding to trial and will be resolving this case with a guilty plea. However, because Mr. Kowalczyk cannot access the internet as part of his conditions of release, the undersigned must review the plea agreement with him in-person. Further, Mr. Kowalczyk must finalize his affairs before he formally accepts the plea agreement and enters his guilty plea, at which time he expects to be remanded by the Court, in light of 18 U.S.C. § 3143(a)(2) and based on what occurred after Mr. Patrick entered his own guilty plea. Specifically, Mr. Kowalczyk needs to prepare and finalize arrangements for the care of the daughter he shares with Mr. Patrick. His current plan is to transfer custody of the child to Mr. Patrick's parents in Michigan, who have agreed to care for the child while the defendants are serving their sentences in this case. Parting ways with his daughter will be a gut-wrenching

ordeal for Mr. Kowalczyk but he understands that he has no choice and must prepare for the future and what will occur in this case once he enters his guilty plea.

The undersigned has conferred with Assistant United States Attorney Ilyssa Spergel who has confirmed that the government does not oppose the continuance requested herein.

## **MEMORANDUM OF LAW**

Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a trial continuance at the request of a defendant if the court finds "that the ends of justice by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

The Sixth Amendment guarantees that any person brought to trial in a federal court has the right to assistance of counsel before he can be validly convicted and punished by a term of imprisonment. *Faretta v. California*, 422 U.S. 806 (1975). Indeed, the Supreme Court has discussed the necessity of a continuance in order to vindicate a defendant's right to counsel.

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) (internal citations omitted). "It is also proper to allow an ends-of-justice continuance to allow defense counsel time to work for a non-trial resolution of the case." *United States v. Williams*, 591 F. App'x 78, 85 (3d Cir. 2014)

Against the foregoing factual, statutory, and constitutional backdrop, the undersigned on behalf of Mr. Kowalczyk request a thirty (30) day continuance in this matter. The specific grounds for the continuance are as follows. First, a continuance would allow the parties to complete plea discussions and reach a final resolution of Mr. Kowalczyk's case without need of a trial. Second, Mr. Kowalczyk needs to finalize his personal affairs before formally accepting the government's plea agreement and entering his guilty plea, at which time he anticipates he will be remanded into custody. Lastly, the undersigned have the following scheduling conflicts in March and April and would greatly appreciate a thirty (30) day continuance to give them sufficient time to provide Mr. Kowalczyk with assistance of counsel during his decision-making process of accepting the plea agreement and entering a guilty plea in this matter:

Undersigned counsel Andrew Searle has the following conflicts:

1. Out of the country from March 13, 2026 through March 21, 2026;

2. *United States v. Myles M. McQuade*, No. 8:25-cr-00547-SDM-NHA (M.D. Fla. Tpa. Div.) (sentencing on March 30, 2026);

3. *United States v. Shawn Michael Simmerer*, No. 6:24-cr-00053-RBD-RMN (M.D. Fla. Orl. Div.) (sentencing on March 30, 2026);

4. *United States v. Michael Mayorga*, No. 6:25-cr-00114-JA-LHP (M.D. Fla. Orl. Div.) (sentencing on April 7, 2026);

5. *United States v. Jose Miguel Quinones Echevarria*, No. 6:24-cr-00204-CEM-DCI (M.D. Fla. Orl. Div.) (sentencing on April 14, 2026);

6. *United States v. Marquise Miller*, No. 6:25-cr-00184-AGM-LHP (M.D. Fla. Orl. Div.) (sentencing on April 20, 2026); and

7. *United States v. Meylin Arbolaez-Fernandez Carrandi*, No. 6:25-cr-00329-GAP-LHP (M.D. Fla. Orl. Div.) (sentencing on April 22, 2026).

Undersigned counsel Fritz Scheller has the following conflicts:

1. *United States v. Jovan Rivera Rodriguez*, No. 23-12977 (11th Cir.) (Petition for Certiorari due on March 2, 2026);

2. *United States v. Rivera-Rodriguez*, No. 6:22-cr-00204-RBD-DCI (M.D. Fla. Orl. Div.) (Sentencing on March 5, 2026);

3. *United States v. Perkins*, No. 6:24-cr-00272-PGB-DCI (M.D. Fla. Orl. Div.) (Sentencing on March 25, 2026);

4. *United States v. Downes*, No. 6:24-cr-00053-RBD-RMN (M.D. Fla. Orl. Div.) (Sentencing on March 30, 2026);

5. *United States v. Harden*, No. 6:25-cr-00039-RBD-RMN (M.D. Fla. Orl. Div.) (Sentencing on March 31, 2026);

6. *United States v. Alvarez*, No. 6:25-cr-00114-JA-LHP (M.D. Fla. Orl. Div.) (Sentencing on April 7, 2026); and

7. *United States v. Jones*, No. 6:26-cr-00008-JA-RMN (M.D. Fla. Orl. Div.) (Sentencing on April 23, 2026).

Based on the foregoing, the undersigned respectfully submits that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

6

## CONCLUSION

WHEREFORE, the Defendant, Richard Kowalczyk, respectfully requests that this Honorable Court grant the instant motion and enter an Order rescheduling the trial to the May 2026 trial term with an April status conference.

Respectfully submitted this 19th day of February, 2026.

| | |
|---|---|
| */s/ Fritz Scheller* <br> Fritz Scheller, Esquire <br> Florida Bar No.: 0183113 <br> Fritz Scheller, P.L. <br> 200 E. Robinson Street, Ste 1150 <br> Orlando, Florida 32801 <br> PH: (407) 792-1285 <br> FAX: (407) 649-1657 <br> Email: fscheller@flusalaw.com <br> Attorney for Richard Kowalczyk | */s/ Andrew C. Searle* <br> Andrew C. Searle, Esquire <br> Florida Bar No. 0116461 <br> Searle Law P.A. <br> 200 E. Robinson Street, Ste 1150 <br> Orlando, Florida 32801 <br> Telephone: 407-952-0642 <br> Email: andrew@searle-law.com <br> Attorney for Richard Kowalczyk |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 19, 2026, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that all parties to this case are equipped to receive service of documents via that system.

*/s/ Andrew C. Searle*
Andrew C. Searle
Florida Bar No. 0116461
Searle Law P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com
Attorney for Richard Kowalczyk