AF Approval _TLK for NMA_                    Chief Approval _gdp_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:24-cr-287-CEM-RMN

RICHARD KOWALCZYK

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory

W. Kehoe, United States Attorney for the Middle District of Florida, and the

defendant, RICHARD KOWALCZYK, and the attorneys for the defendant,

Andrew C. Searle and Fritz J. Scheller, mutually agree as follows:

**A.    Particularized Terms**

   1.  Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the Superseding

Indictment.  Count Two charges the defendant with attempted coercion and

enticement of a minor to engage in sexual activity, in violation of 18 U.S.C.

§ 2422(b).

   2.  Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of imprisonment of

ten years up to life imprisonment, a maximum fine of $250,000, a term of supervised

release of at least five years up to life, and a special assessment of $100 per felony

count. With respect to certain offenses, the Court shall order the defendant to make

Defendant's Initials _RK_

restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

First: The defendant knowingly persuaded, induced, enticed, or coerced an individual under the age of eighteen (18), to engage in sexual activity, as charged;

Second: The Defendant used a cell phone, via the Internet, to do so;

Third: Had the proposed sexual activity occurred with a minor, one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of the state of Florida or federal law; and

Fourth: the Defendant took a substantial step towards committing the offense.

Defendant's Initials _____       2

As charged in the Superseding Indictment, the sexual activity for which the individual could have been charged includes attempted lewd or lascivious battery, in violation of Florida Statute 800.04(4)(a)(2).

The elements of Florida Statute 800.04(4)(a)(2) are as follows:

<u>First:</u>      Defendant encouraged, forced, or enticed victim to engage in any act involving sexual activity; and

<u>Second:</u>    At the time, victim was less than 16 years of age.

4. <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Counts One, Four, Five, and Six, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.



### 7. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

### 8. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in

4



Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      9. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The asset to be judicially forfeited specifically includes, but is not limited to, the following: an iPhone XS, which asset was used in the commission of the offense to which the defendant is pleading guilty. The defendant further agrees to the administrative forfeiture of an iPhone 13 Pro Max, pursuant to 18 U.S.C. § 2253, which asset was used in the commission of the offense charged in Count Six. The defendant agrees that this provision provides him with actual notice of the administrative forfeiture of this asset, and waives the right to receive notice of any subsequent administrative forfeiture of this assets.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant

5



also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

6



The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly



consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

10.    Abandonment of Property

The defendant acknowledges that he has an ownership interest in the following items of property that are in the lawful custody of the United States: iPhone 13 Pro Max.

8



The defendant understands that he has the right and opportunity to claim the listed property. The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to the defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

9

10. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## B.    Standard Terms and Conditions

### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. ' 3663A, for all offenses described in 18 U.S.C. ' 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. ' 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts,

10

and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. ' 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant=s restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. ' 3013. The defendant understands that this agreement imposes no limitation as to fine.

### 2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background,

11



character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5. Financial Disclosures

Pursuant to 18 U.S.C. ' 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any

12



assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

### 6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

### 7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal

13



defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. ' 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. ' 3742(a).

## 8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

## 9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

## 10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement

14

and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a

15



jury, or to have possession of firearms.

11.      Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

In January 2023, law enforcement discovered a Telegram[1] conversation between a suspect under investigation (SOI) and Richard Kowalczyk (Kowalczyk) that occurred between April 16, 2022, and August 15, 2022, and involved a graphic discussion of child sexual abuse material (CSAM) as well as discussions of hands-on sexual encounters with minors. This investigation led law enforcement to seize, and ultimately search Kowalczyk's cellular phone, an iPhone 13 Pro Max, taken from his person at Orlando airport, in the Middle District of Florida. A forensic search of Kowalczyk's iPhone 13 Pro Max revealed approximately 83 images and 2 videos of child exploitation, which included images of minors under 12 years of age.

In February 2023, Special Agents with Homeland Security Investigations began an investigation into Eric Patrick (Patrick). The investigation began because of an investigation into Patrick's spouse, Kowalczyk. Agents executed a residential

---

[1] Telegram Messenger, commonly known as Telegram, is a cloud-based, cross-platform, encrypted instant messaging (IM) service. It allows users to exchange messages, share media and files, and hold private and group voice or video calls as well as public livestreams. It is available for Android, iOS, Windows, macOS, Linux, and web browsers. Telegram also offers end-to-end encryption in voice and video calls, and in optional private chats, which Telegram calls Secret Chats.

16

search warrant in Orlando, Florida, within the Middle District of Florida and seized electronic devices belonging to both Patrick and Kowalczyk. Those devices included an Apple Mac Desktop computer belonging to Patrick, and an Apple iPhone XS, belonging to Kowalczyk. Within Patrick's desktop computer, agents recovered a conversation between Patrick and Kowalczyk; this conversation confirmed Patrick's cellular phone number, nickname of EP by Kowalczyk, and romantic relationship.

Within Kowalczyk's iPhone XS, a text conversation between Patrick and Kowalczyk revealed their sexual interest in minors as well as their attempts to entice and coerce minors for their sexual gratification. This conversation occurred between approximately November 2019 and March 2021. Their conversation was often graphic and sexual in nature. There were numerous references to "young" and "teen" throughout. There were also instances where they shared sexual images of individuals they met on Grindr, a social media dating application. The conversation also included discussion of seeking "young boys on Grindr" and planning a trip to Key West. The Grindr application utilized the internet to send and receive messages.

In June 2020, Patrick and Kowalczyk planned a trip to Key West, and in early July 2020, Kowalczyk traveled to Key West. There is no evidence that Patrick or Kowalczyk engaged in any illegal sexual activity with minors while in Key West. Between July 6, 2020, and February 8, 2021, Kowalczyk and Patrick attempted to entice and coerce Victim 1, a 15-year-old minor, to engage in illegal sexual activity.

On July 6, 2020, through text messages, Kowalczyk shared information for Victim 1, a 15-year-old minor:

17



KOWALCZYK:          Go to that Instagram
KOWALCZYK:          Line him up for us
KOWALCZYK:          He reminds me of you. 16
KOWALCZYK:          Loves to fuck
KOWALCZYK:          Have him send you pix
KOWALCZYK:          So hot

PATRICK:            He follows me.
KOWALCZYK:          Yes I told him to
KOWALCZYK:          He's so hot
KOWALCZYK:          We are going to destroy him
KOWALCZYK:          The pix he sent are so hot

PATRICK:            Show me

KOWALCZYK:          [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "Fuck?". Within the screenshot there are three smaller images. The images depict a pubescent male who was 15 years old. One image depicts the pubescent male standing wearing no clothing exposing his buttocks to the camera. The second image the pubescent male standing wearing no clothing exposing his penis to the camera. The third image depicts an anus.]

KOWALCZYK:          [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "Fuck?". Within the screenshot there are three smaller images. The images depict a pubescent male who was 15 years old. One image depicts an anus. The second image depicts a penis. The third image depicts the face of the prepubescent male.]

Kowalczyk and Patrick each engaged in separate conversations with Victim 1 over Grindr, and then shared those conversations with each other, detailing their sexually exploitive conversation with the minor and discussing their intent to entice and coerce Victim 1 to engage in illegal sexual activity. Their messages included

18

requests of Victim 1 for sexual images, sending Victim 1 sexual images of themselves, and discussing the sex acts they'd like to engage with him, for the purpose of enticing Victim 1. For example:

KOWALCZYK:    [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "Fuck?".

KOWALCZYK:    Probably Friday

Fuck:    Youngest is probably my age 16 or 17 and oldest is around 40

Fuck:    okay that works

KOWALCZYK:    Wow

KOWALCZYK:    That's hot

Fuck:    Haha yeah

KOWALCZYK:    Do you top too or just bottom?

KOWALCZYK:    I'm a top and my bf is vers

Fuck:    I can do both if you want

KOWALCZYK:    I'd love you see you fuck my bf while I fuck you]

PATRICK:    How old.

KOWALCZYK:    16

KOWALCZYK:    Get online and see if anyone hit you up
KOWALCZYK:    Hit that kid up on insta too. Talk dirty with him. He's so hot

PATRICK:    He just messaged me

KOWALCZYK:    Ke's going to take some cock tonight too
KOWALCZYK:    He's such a whore
KOWALCZYK:    Reminds me of you when you were 16
KOWALCZYK:    [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "Fuck?". *This is the conversation that is depicted:*

Fuck:    I'll ask to see them haha

19

KOWALCZYK: Can't wait to record you guys together
KOWALCZYK: Find any cock tonight?
  Fuck:        Yea I'm waiting later for a dude I think
KOWALCZYK: Hot

KOWALCZYK: He going to breed your ass?
  Fuck:        Yeah haha
  Fuck:        In the back of his truck while his wife is asleep [two laughing while crying emoji]
KOWALCZYK: Omg that's funny!
KOWALCZYK: He hot?

| | |
|---|---|
| KOWALCZYK: | Talking to that boy at all? |
| KOWALCZYK: | Anyone else message you? |
| | |
| PATRICK: | Yeah I am |
| PATRICK: | Not really. Just got on |
| PATRICK: | He said he's only in town until next Sunday ☐ I come Monday |
| ... | |
| KOWALCZYK: | You guys exchange any pix yet |
| | |
| PATRICK: | Yeah. He sent his ass and cock |
| | |
| KOWALCZYK: | So hot |
| KOWALCZYK: | Show him you taking cock |
| KOWALCZYK: | He lives in North Georgia[2] |
| KOWALCZYK: | We should get a hotel him |
| KOWALCZYK: | Fuck all weekend. Whore you both out |
| | |
| PATRICK: | I'd be open to going up there for a weekend.. Getting a room |
| PATRICK: | Would u really whore us out |
| | |
| KOWALCZYK: | Yes |
| KOWALCZYK: | Ask him if he would be down for that |
| KOWALCZYK: | He cum to the room and have a bunch of guys waiting to us you both |

---

[2] Patrick and Kowalczyk never actually travelled to Georgia to meet the minor victim. In fact, Patrick and Kowalczyk never met the minor victim in person.

20

| | |
|---|---|
| PATRICK: | Ok I can ask |
| PATRICK: | Yea would be hot. Us ass up. You and bunch other tops fucking us both |
| PATRICK: | [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user "  Fuck?". *This is the conversation that is depicted:* |

| | |
|---|---|
| PATRICK: | [line cut off]up my flight. Worse comes to worse Rick said we could get a room for the weekend up by you and just fuck all weekend |
| PATRICK: | U down for that? |
| Fuck: | Yeah I mean whenever y'all get a room I'll put it to good use 😈😈😈😈 |
| Fuck: | But yk I'll have to come every night and I can't during the day |
| PATRICK: | Yeah dud that's cool with us. We don't mind. ☐ we'd deff use your hole. Wouldn't mind you pounding me too |
| PATRICK: | You like it raw?] |

| | |
|---|---|
| KOWALCZYK: | What he say after that |
| KOWALCZYK: | Little teen slut |
| PATRICK: | Btw that kid says he's down for groups. Me and him ass up raw. He wants them to know his age though |
| KOWALCZYK: | You chatting with that boy? |
| ... | |
| PATRICK: | Yeah I am |
| ... | |
| KOWALCZYK: | You send him any vids? |
| PATRICK: | Yea sent one of the dude spraying his load in my hole then fucking it in |
| ... | |
| KOWALCZYK: | That boy said you didn't send him any vids |

21

| | |
|---|---|
| PATRICK: | Like you so much better this way. That's how I met you |
| PATRICK: | I did. They're still sending. Takes so long |
| KOWALCZYK: | Oh I'm back |
| KOWALCZYK: | How you sending |
| KOWALCZYK: | Text? |

PATRICK:    [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " Fuck?". *This is the conversation that is depicted:*

| | |
|---|---|
| PATRICK: | Rick said he wants to get a room up by you. Have us be ass up and he wants to invite a few tops to fuck us both |
| PATRICK: | Would you be down |
| Fuck: | like how many |
| PATRICK: | Idk maybe like 5 dudes? Not sure |
| Fuck: | Sure I mean I would like that |
| Fuck: | will they know my age? |
| PATRICK: | Hot dude. Would definitely love to do that with yiu |

PATRICK:    [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " Fuck?". *This is the conversation that is depicted:*

| | |
|---|---|
| PATRICK: | You |
| PATRICK: | Idk kdo u want them to |
| PATRICK: | Would be hot. Watching them fill our asses with cum |
| Fuck: | I Kinda want them to be okay that I am 16 and stuff cause sometimes I get scared |
| PATRICK: | Ok yeah. I'm sure rick can tell them. Sure most guys will like that haha |
| PATRICK: | Do u like poppers? |
| Fuck: | I've never use one |
| Fuck: | what do they do] |

PATRICK:    [Sent an image. This image depicts a screenshot of a Grindr



chat. This Grindr chat was with user "  Fuck?". *This is the conversation that is depicted:*

| | |
|---|---|
| PATRICK: | That's hot. He have a big cock? |
| PATRICK: | Do u just sneak out or |
| Fuck: | Yes I sneak out I'm waiting on my family to go to sleep now |
| Fuck: | abs he has like a 6 I'd say |
| Fuck: | Hey and send me the videos of you getting fucked on insta. I'd love to see those |
| PATRICK: | Hot man. U have any more pics or vids too |
| Fuck: | [Sent an image that appears to be in a bedroom but a majority of the photo is cut from the screenshot.] |

On July 7, 2020 and February 8, 2021, the conversation between Kowalczyk and Patrick continued, where they discussed sending and receiving videos from Victim 1.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

12.     <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __27th__ day of March, 2026

GREGORY W. KEHOE
United States Attorney

_____
Richard Kowalczyk
Defendant

_____
Ilyssa M. Spergel
Assistant United States Attorney

_____
Fritz Scheller
Attorney for Defendant

_____
Gregory D. Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

_____
Andrew Searle
Attorney for Defendant

24

