**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                          **Case No. 6:24-cr-287-CEM-RMN**

**RICHARD KOWALCZYK**

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

The United States moves the Court, pursuant to 18 U.S.C. § 2428 and Fed. R.

Crim. P. 32.2(b)(2), to enter a Preliminary Order of Forfeiture for an Apple iPhone

XS, which was seized from the defendant on or about February 8, 2023. In support

thereof, the United States submits the following.

**MEMORANDUM OF LAW**

I.      **Statement of Facts**

        A.      **Allegations Against the Defendant**

        1.      The defendant was charged in a Superseding Indictment with attempted

coercion and enticement of a minor to engage in sexual activity, in violation of 18

U.S.C. § 2422(b) (Count Two). Doc. 9.

        2.      The Superseding Indictment also contained forfeiture allegations

putting the defendant on notice that, pursuant to 18 U.S.C. § 2428, the United States

would seek to forfeit the subject cellphone. *Id.* at 7-8.

**B.      Finding of Guilt and Admissions Related to Forfeiture**

3.      On April 15, 2026, the defendant pleaded guilty to Count Two of the Superseding Indictment. The Court accepted the defendant's plea and adjudicated him guilty. Docs 103, 104.

4.      The defendant admitted in his Plea Agreement the facts necessary to establish that he attempted to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Doc. 100 at 16–23.   The defendant used his Apple iPhone XS in his attempts to entice and coerce minors for sexual gratification. *Id.* at 17.

5.      Pursuant to 18 U.S.C. § 2428, the defendant agreed to forfeit all assets used or intended to be used to commit or to facilitate the commission of the 18 U.S.C. § 2422(b) offense, including the cellphone identified above. Doc. 100 at 5. He also agreed that the order of forfeiture should be final as to the defendant at the time it is entered. *Id.* at 6.

II.    <u>Applicable Law</u>

Pursuant to 18 U.S.C. § 2428, the United States is authorized to forfeit any property used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 2422(b), using the procedures outlined in 21 U.S.C. § 853.

Rule 32.2(b)(1) requires that when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crimes. Fed. R. Crim. P.

32.2(b)(1). This finding should be made as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the plea agreement, the defendant admitted that the cellphone identified above was involved in the 18 U.S.C. § 2422(b) offense. Therefore, the cellphone is subject to forfeiture, pursuant to 18 U.S.C. § 2428.

## III.    Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2428, and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the cellphone identified above.

The United States further requests that in accordance with his Plea Agreement (Doc. 100 at 6) and Rule 32.2(b)(4), the order of forfeiture become final as to the defendant at the time it is entered.

Upon issuance of the Preliminary Order of Forfeiture, the government will provide written notice to all third parties known to have an alleged legal interest in the cellphone and will publish notice on the internet at www.forfeiture.gov. Determining whether a third party has an interest must be deferred until any third-party files a claim. *See* Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally announcing the sentence and include the forfeiture

order in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy,* 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the cellphone, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be filed in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:   *s/Nicole M. Andrejko*
      NICOLE M. ANDREJKO
      Assistant United States Attorney
      Florida Bar No. 0820601
      400 West Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7560
      Facsimile: (407) 648-7643
      E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney

4